United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 12, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-40443
Conference Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

JUAN MARTINEZ-CATALAN,

                                        Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:04-CR-2099-ALL
---------------------

Before KING, WIENER, and OWEN, Circuit Judges.

PER CURIAM:[*]

    Juan Martinez-Catalan (Martinez), appeals his guilty plea

conviction of, and sentence for, violating 8 U.S.C. § 1326 by

illegally reentering the United States after deportation.  He

argues, in light of Apprendi v. New Jersey, 530 U.S. 466 (2000),

that the 48-month term of imprisonment imposed in his case

exceeds the statutory maximum sentence allowed for the § 1326(a)

offense charged in his indictment.  He challenges the

constitutionality of § 1326(b)'s treatment of prior felony and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

aggravated felony convictions as sentencing factors rather than elements of the offense that must be found by a jury.

Martinez's constitutional challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although he contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi, we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding. See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005). Martinez properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review.

Martinez contends that the district court erred by ordering him to cooperate in the collection of a DNA sample as a condition of supervised release. As Martinez concedes, this claim is not ripe for review on direct appeal. See United States v. Riascos-Cuenu, 428 F.3d 1100, 1101-02 (5th Cir. 2005), petition for cert. filed (Jan. 9, 2006) (No. 05-8662). The claim is dismissed. See id. at 1102.

JUDGMENT AFFIRMED; APPEAL DISMISSED IN PART.